762 So.2d 515 (2000)
THE FLORIDA BAR, Complainant,
v.
Ronald Alan HALE, Respondent.
No. SC00-453.
Supreme Court of Florida.
June 29, 2000.
*516 J. David Bogenschutz, Fort Lauderdale, Florida, for Petitioner.
Kevin P. Tynan, Bar Counsel, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
Florida Bar member Ronald Alan Hale has filed a petition for disciplinary resignation. This petition invokes the Court's "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted" as provided in article V, section 15 of the Florida Constitution.
Rule of Discipline 3-7.12 of the Rules Regulating The Florida Bar addresses the matter of "disciplinary resignation." The introductory language of rule 3-7.12 provides: "If a disciplinary agency is investigating the conduct of an attorney, or if such agency has recommended probable cause, then disciplinary proceedings shall be deemed to be pending and a petition for disciplinary resignation may be filed pursuant to this rule." Such a resignation is sought "in lieu of defending against allegations of disciplinary violations." R. Regulating Fla. Bar 3-5.1(j). The rule requires that the petition contain a statement of all past and present disciplinary and criminal proceedings involving the Bar member, a statement of the results of any such past proceedings, and a description of the nature and status of any pending charges. The petition must also state whether resignation is sought with or without leave to apply for readmission. See R. Regulating Fla. Bar 3-7.12(a).
To obtain a judgment granting disciplinary resignation, the member must show "that the public interest will not be adversely affected" and that the granting of the petition "will neither adversely affect the integrity of the courts nor hinder the administration of justice [or] the confidence of the public in the legal profession." R. Regulating Fla. Bar 3-7.12(b). Rule of Discipline 3-5.1(j) of the Rules Regulating The Florida Bar provides: "If accepted by the Supreme Court of Florida, a disciplinary resignation terminates the respondent's status as a member of the bar." See generally Florida Bar v. Ross, 732 So.2d 1037, 1040 (Fla.1998)(explaining that one who resigns in face of disciplinary charges is no longer a member of the bar).
Attorney Hale's petition describes the nature and status of several disciplinary actions now pending against him. In Supreme Court case No. 95,311, this Court suspended Hale on an emergency basis pursuant to Rule of Discipline 3-5.2. Hale's motion to dissolve or amend the emergency suspension is now pending before a referee. In Supreme Court case No. 95, 399, The Florida Bar filed a formal complaint alleging professional misconduct. The complaint is pending before a referee. In Supreme Court case No. 00-188, the Bar has filed a petition for an order directing Hale to show cause why he should not be held in contempt of this Court based on alleged violations of the order of emergency suspension. In Supreme Court case No. 00-269, the Bar filed an additional formal complaint of misconduct, which is pending before a referee.
*517 By operation of rule 3-7.12(d), the granting of a petition for disciplinary resignation serves "to dismiss all pending disciplinary cases." Under rule 3-7.12(e), in an order granting disciplinary resignation, the Court "may impose a judgment for the costs expended by The Florida Bar in all pending disciplinary cases against the respondent."
Hales's petition states that resignation is sought with leave to apply for readmission in five years, measured from the effective date of his emergency suspension, May 17, 1999. Under Rule of Discipline 3-7.10(m), an application for readmission after disciplinary resignation is not allowed until three years following the date of the resignation "or such additional time as the attorney may have stated in a petition for disciplinary resignation."
The Florida Bar has submitted a response to Hale's petition in which it states that, pursuant to the directive of the Board of Governors, the Bar does not oppose the petition for disciplinary resignation. Thus the averments of the petition as to the effect that granting the resignation will have on the public interest, the integrity of the courts, the administration of justice, and the confidence of the public in the legal profession are not contested.
Rule 3-7.10(a) provides that a former member whose membership in The Florida Bar was terminated by means of the Court's acceptance of a petition for disciplinary resignation "may be admitted again only upon full compliance with the rules and regulations governing admission to the bar." This requirement as to the method of readmission also applies to former members who have been disbarred. The requirement of "full compliance with the rules and regulations governing admission to the bar" means that former members who were allowed to resign while disciplinary proceedings were pending, like former members who were disbarred, must apply for admission through the Florida Board of Bar Examiners. Thus such former members, like all applicants for admission to the bar, must satisfy the requirements of demonstrating good personal character and professional fitness in order to be readmitted. The rules and procedures governing this process are set forth in the Rules of the Supreme Court Relating to Admissions to the Bar.
Although attorneys who resign in lieu of defending against disciplinary charges are, like disbarred attorneys, not considered members of the bar, they are nevertheless "subject to the continuing jurisdiction of this Court." Florida Bar v. Ross, 732 So.2d at 1041. As explained in Ross, such continuing jurisdiction may be based on the Court's authority to prohibit the unlicensed practice of law, or it may arise from the Court's power to enforce the terms of the order granting disciplinary resignation. Id. at 1040-42.
In view of the consequences of granting a member's petition for disciplinary resignationincluding the termination of the member's license to practice law and the requirements governing readmission we find that disciplinary resignation is tantamount to disbarment.
As discussed above, the filing of a disciplinary resignation petition indicates either that there has been a finding of probable cause to believe the attorney has engaged in professional misconduct or that an investigation into the attorney's conduct is pending. In such circumstances, the disciplinary resignation procedure serves the beneficial purpose of providing immediate protection to the public when the propriety of an attorney's conduct has been called into question. It also relieves both the Bar and the respondent of the need for protracted litigation over a long period of time and at considerable expense.
The petition of Ronald Alan Hale for leave to resign from membership in The Florida Bar is hereby granted, effective immediately, subject to the continuing jurisdiction of this Court. Hale may not apply for readmission for a period of five *518 years, measured from May 17, 1999, the effective date of his suspension. Judgment is entered in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Ronald Alan Hale in the amount of $13,124.40, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.