**In re Donald A. HOFFMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 376484).**

**No. 06–BG–371.**

District of Columbia Court of Appeals.

Decided March 29, 2007.

Before RUIZ and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

The respondent, Donald A. Hoffman, is a member of the bar of this court as well as those of Florida[1] and Louisiana. On September 9, 2004, he was suspended by the Supreme Court of Louisiana based on his representation of several individuals with conflicting interests. The Louisiana high court held that his failure to fully disclose the possible effects of the multiple representation had resulted in serious harm to some of his clients. The respondent's term of suspension was three months, but this was deferred in its entirety, subject to the condition that any misconduct by him during a one-year period following the date of the court's final judgment would be grounds for vacating the deferral or imposing additional discipline, if appropriate.

On April 18, 2006, the Office of Bar Counsel filed a certified copy of the Louisiana discipline with this court, and we then issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d). We further directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. On May 25, 2006, however, we

granted Bar Counsel's motion to vacate respondent's interim suspension since the Louisiana suspension had been deferred for one year, with the conditions noted above, and the relevant period had passed without any violation of its terms.

On December 19, 2006, the Board filed a report that recommends we impose the functionally identical reciprocal discipline of a three-month suspension, with execution stayed in favor of a one-year period of unsupervised probation. Bar Counsel advises us that he takes no exception to the Board's recommendation, and respondent has not filed any opposition. Given this lack of opposition our scope of review is extremely limited, and we hereby accept the Board's recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough*, 654 A.2d 1285 (D.C.1995). Accordingly, it is

ORDERED that Donald A. Hoffman be suspended from the practice of law in the District of Columbia for a period of three months; however, this suspension is hereby stayed in favor of one year of unsupervised probation. This suspension is ordered *nunc pro tunc* to September 9, 2004, the date of respondent's suspension in Louisiana.

*So ordered.*

---

1. On November 30, 2006, Bar Counsel notified us, for informational purposes only, that respondent's petition for disciplinary permanent resignation had been granted by the Florida Supreme Court on July 7, 2006. Bar Counsel did not initiate reciprocal disciplinary proceedings based on this resignation, which is "tantamount to disbarment," *Florida Bar v. Hale*, 762 So.2d 515 (Fla.2000), because it was premised on the Louisiana discipline underlying this proceeding.